ROSS v. EPSTEIN et al.

(Supreme Court, Special Term, New York County.  October 22, 1909.)

1. DISMISSAL AND NONSUIT (§ 12*)—VOLUNTARILY.

A plaintiff may discontinue an action against a defendant where the rights of the latter will not be prejudiced thereby.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 27; Dec. Dig. § 12.*]

2. DISMISSAL AND NONSUIT (§ 25*)—VOLUNTARILY.

Where plaintiff suing to foreclose a mortgage made the mortgagor a party, though he had disposed of his interest in the premises, he could discontinue as to him on the taxation of his costs or by an order directing him to tax them.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 47, 50; Dec. Dig. § 25.*]

Action by one Ross against one Epstein and others. Motion for an order directing a defendant to tax his costs. Granted.

Fixman & Lewis, for plaintiff.

Morris Meyers, for defendant.

BLANCHARD, J. The plaintiff moved to discontinue this action against one of the defendants, and the motion was granted upon payment of said defendant's taxable costs to date. One defendant refused to tax his costs, and thereupon the plaintiff tendered the defendant his costs, which he also refused. The plaintiff then moved for an order directing said defendant to tax his costs. The motion was denied, and this is a motion for a reargument.

The motion is opposed on several grounds, but the only one which calls for consideration is the alleged purpose of the defendant to appeal from the order discontinuing the action against him upon payment of his costs and that such taxation might prejudice his rights. The action is to foreclose a mortgage on real property. The defendant referred to formerly owned the property and made the mortgage. He has since disposed of the property, and now has no interest in it, and the only object of making him a party was to hold him liable for a possible deficiency judgment. A plaintiff has the right to discontinue an action against a defendant when the rights of the defendant will not be prejudiced thereby, as, for example, when the defendant has interposed a counterclaim. In this case the court fails to discover any interest of the defendant which will be jeopardized or impaired by the order of discontinuance upon taxation of his costs or by an order directing him to tax them. The defendant alleges a purpose to appeal from the order of discontinuance, but he has not yet appealed. If he shall take an appeal and desires a stay pending its determination, he may move on notice for it.

The motion for a reargument is granted, and the motion for an order directing the defendant to tax his costs is granted, with $10 costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes